IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ARBIA R. WHIDBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO. |
| ) | |
| v. ) | |
| ) | |
| WORTH COUNTY BOARD OF ) | |
| COMMISSIONERS, ) | |
| ) | |
| Defendant. ) | |

COMPLAINT FOR DAMAGES

COMES NOW Arbia R. Whidby ("Plaintiff" or "Ms. Whidby") by and through her undersigned counsel of record and files this Complaint for Damages against Defendant Worth County Board of Commissioners ("Defendant" or "WCBC") and hereby seeks damages against the Defendant through its employees for violating the Plaintiff's federal civil rights and constitutional rights and their retaliation against Plaintiff for filing an complaint with the U.S. Equal Employment Opportunity Commission ("EEOC").

NATURE OF THE ACTION

1.

This is an action under: 42 U.S.C. § 1981; U.S. Constitution; 42 U.S.C. §1983; 41 U.S.C. §1985; the Fourth and Fourteenth Amendments; Title VII of the Civil Rights Act

1

of 1964; the Age Discrimination in Employment Act of 1967; the Older Workers Benefit Protection Act; and Title I of the Civil Rights Act of 1991; to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Ms. Whidby, who was adversely affected by such practices.

## JURISDICTION AND VENUE

2.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332 and 1343 as well as 29 U.S.C. §626. This action is authorized and instituted pursuant to Section 706(f)(3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e ("Title VII"), and Section 102 of the Civil Rights Act of 1991.

3.

The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Georgia.

## PARTIES

4.

Ms. Whidby is an individual United States citizen who at all relevant times was a resident of Worth County, Georgia.

5.

Defendant WCBC is a local company that does business in Worth County, Georgia. Its principal office in Georgia is located at 201 North Main Street, Sylvester, Georgia 31791. Defendant may be served with a copy of this Complaint through at their principal office in Sylvester, Georgia.

6.

WCBC was Plaintiff's employer within the meaning of Title VII. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701 of Title VII and 42 U.S.C. § 2000e.

ADMINSITRATIVE PREREQUISITES

7.

Ms. Whidby has complied with all administrative prerequisites to action under Section 706 of Title VII, as amended, 42 U.S.C. Sections 2000e-5 by timely filing a formal charge of retaliation (Charge No. 410-2015-01058) with the EEOC, Middle District Office on or about December 18, 2014.

8.

Ms. Whidby has exhausted all available administrative remedies in accord with the aforementioned statues prior to instituting this Civil Action and a Notice of Right

to Sue was issued on December 17, 2019.  Ms. Whidby received the Notice of Right to Sue on December 26, 2019.

## STATEMENT OF CLAIMS

9.

Ms. Whidy began working for Defendant as a Receptionist at Defendant's location in Sylvester, Georgia on December 5, 2011.

10.

Ms. Whidby was an excellent and dedicated employee even stepping in as Interim County Clerk from January 14, 2013 until March 14, 2013 when the prior County Clerk resigned with little notice.  Thereafter, Ms. Whidby was hired as the full-time County Clerk and served in that position until her termination.

11.

Mr. Michael Cosby served as the Chairman of the Worth County Board of Commissioners and was Ms. Whidby's direct supervisor.

12.

On or about October 9, 2013, Ms. Whidby sent an e-mail to Chairman Cosby with a carbon copy to Mr. Joel Gaines, Billy McDonald, Betty Bozeman, and Ralph Bozeman noting inappropriate verbal communications as instituted by Chairman Cosby.

13.

Plaintiff alleges that on or about October 24, 2013, Ms. Whidby filed an internal grievance with the Board of Commissioners alleging that Chairman Cosby addressed her using a racial slur in front of an hourly employee. Chairman Cosby allegedly stated: "give them a little power and the 'nigger' will come out."

14.

Plaintiff alleges that in 2013, Chairman Cosby instructed two hourly employees to report on Ms. Whidby's activities and report their findings back to him. They were instructed to record all visitors to include department heads, citizens, and other local government employees.

15.

There was no action taken on the internal grievance filed with the Worth County Board of Commissioners at that time.

16.

On April 22, 2014, Ms. Whidby received a warning for Substandard Job Performance. She requested an appeal but never received it. The occurrence remained in pending status.

17.

On November 24, 2014, Ms. Whidby filed another internal grievance against the Worth County Board of Commissioners along with an EEOC Charge (No. 410-2015-01058).  She alleged discrimination based on age, race, and gender, as well as retaliation, hostile work environment, and disparate treatment.

18.

On December 18, 2014, Worth County Board of Commissioners received the EEOC Charge.

19.

On January 5, 2015, Ms. Whidby was placed on a 60-day probationary period in a public meeting.  She was given a list of areas of concern to be addressed.  At this time, there were no performance issues noted in her personnel file.

20.

Thereafter, the following write-ups were placed in her file:  January 12, 2015 – two written warnings from Commissioner Betty Bozeman; January 13, 2015 – two written warnings from Commissioner Billy McDonald; February 16, 2015 – a written warning from Chairman Michael Cosby; February 16, 2015 – a written

warning signed by both Commissioner Betty Bozeman and Chairman Michael Cosby; February 18, 2015 – a written warning from Commissioner Betty Bozeman.

21.

On March 3, 2015, Ms. Whidby was relieved of her duties during a WCBC meeting and asked not to return to the premises.

22.

On March 6, 2015, Ms. Whidby was terminated.

## COUNT I:  42 U.S. Code Section 1981

23.

Paragraphs 1-22 are repeated and incorporated herein under this Count One.

24.

Ms. Whidby is an African American female.

25.

Defendants are white males and females.

26.

Under 42 U.S. Code Section 1981(a), "all persons…shall have the same right…to make and enforce contracts…and to the full and equal benefit of all laws and proceedings for the security of persons and properties as enjoyed by white citizens."

27.

Plaintiff had a contract of employment with respect to her position with WCBC. Defendants forcibly suspended her from that position at a public hearing, terminated her from the position, and restricted her from coming on the premises because of her race. Defendants have never initiated or undertaken such actions against white employees.

28.

Defendants violated 42 U.S. Code Section 1981.

29.

Pursuant to 42 U.S.C. §1988, Plaintiff is entitled to a reasonable allowance for attorney fee as a part of her costs.

## COUNT II:  FOURTEENTH AMENDMENT

30.

Paragraphs 1-29 are repeated and incorporated herein by reference under this Count Two.

31.

Under 42 U.S. Code Section 1983, "every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."

32.

Defendants terminated Ms. Whidby without any pre-termination or post-termination hearings.  Ms. Whidby requested an appeal regarding certain disciplinary actions and was ignored.  Defendants then sought to include post-suspension disciplinary actions in Ms. Whidby's file. Thus, the Defendants deprived Ms. Whidby of her interests without due process.

33.

By acting in the manner as stated, the Defendants acted arbitrarily and capriciously, and discriminated against Plaintiff on the basis of her race and gender in violation of the Equal Protection Clause, Fourteenth Amendment, U.S. Constitution.

34.

Pursuant to 42 U.S.C. §1988, Plaintiff is entitled to a reasonable allowance for attorney fees as a part of her costs.

## COUNT III:  42 U.S. Code Section 1985

35.

Paragraphs 1-34 are repeated and incorporated herein by referenced under this Count Three.

36.

Defendants are officers of the Worth County Board of Commissioners and have conspired among themselves to deprive Plaintiff of her civil rights protected by 42 U.S. Code Section 1981 and the Fourth and Fourteenth Amendments to the United States Constitution.

37.

Defendants violated 42 U.S. Code Section 1985.

38.

Pursuant to 42 U.S. Code Section 1988, Plaintiff is entitled to a reasonable allowance for attorney fees as part of her costs.

COUNT IV:  DISPARATE TREATMENT ON THE BASIS OF RACE

 UNDER TITLE VII and §1981

39.

Paragraphs 1-38 are repeated and incorporated herein under Count Four.

40.

In referring to Ms. Whidby as a "nigger," creating false written warnings following her suspension, using a public hearing to embarrass Ms. Whidby then terminating her employment thereafter, the Defendants actions were motivated by race in violation of Title VII.

41.

As a direct and proximate cause of the above-described unlawful employment practices, Plaintiff suffered the indignity of retaliation, the invasion of the right to be free from retaliation, emotional pain, mental distress, inconvenience, mental anguish and Plaintiff is entitled to attorneys' and witness' fees, costs and other compensatory damages pursuant to Title VII from Defendant.

## COUNT V: DISPARATE TREATMENT ON THE BASIS OF GENDER UNDER TITLE VII

42.

Paragraphs 1-41 are repeated and incorporated herein under Count Five.

43.

In preventing Ms. Whidby from accomplishing her job duties, using a public hearing to embarrass her, then terminating her employment thereafter, the Defendants actions were motivated by gender in violation of Title VII.

44.

As a direct and proximate cause of the above-described unlawful employment practices, Plaintiff suffered the indignity of retaliation, the invasion of the right to be free from retaliation, emotional pain, mental distress, inconvenience, mental anguish and Plaintiff is entitled to attorneys' and witness' fees, costs and other compensatory damages pursuant to Title VII from Defendant.

## COUNT VI: AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA)

45.

Paragraphs 1-44 are repeated and incorporated herein under Count Six.

46.

In preventing Ms. Whidby from accomplishing her job duties, using a public hearing to embarrass her, then terminating her employment thereafter, the Defendants actions were motivated by her age in violation of the ADEA.

47.

As a direct and proximate cause of the above-described unlawful employment practices, Plaintiff suffered the indignity of retaliation, the invasion of the right to be free from retaliation, emotional pain, mental distress, inconvenience, mental anguish and Plaintiff is entitled to attorneys' and witness' fees, costs and other compensatory damages pursuant to the ADEA from Defendant.

## COUNT VII: RETALIATION (TITLE VII)

48.

Paragraphs 1-47 are repeated and incorporated herein under Count Seven.

49.

Plaintiff engaged in a protected activity when she filed an internal grievance on October 24, 2013 and November 21, 2014. Plaintiff also engaged in a protected activity when she filed a charge of discrimination with the Equal Employment Opportunity Commission on November 21, 2014.

50.

Plaintiff suffered adverse employment actions as a result of her charge of discrimination including, but not limited to, several written reprimands, a public suspension hearing and ultimately termination.

51.

Ms. Whidby's protected activity was a motivating factor given that WCBC's treatment of Ms. Whidby was the subject of the original charge and thereafter, WCBC took adverse employment action against Ms. Whidby.

52.

Ms. Whidby suffered damages because of the WCBC's actions against her.

53.

No legitimate non-retaliatory reason exists for Defendant's treatment of Plaintiff.

54.

As a direct and proximate cause of the above-described unlawful employment practices, Plaintiff suffered the indignity of retaliation, the invasion of the right to be free from retaliation, emotional pain, mental distress, inconvenience, mental anguish and Plaintiff is entitled to attorneys' and witness' fees, costs and other compensatory damages pursuant to Title VII from Defendant.

55.

All conditions precedent to bringing this Count have been completed, performed and/or waived.

### COUNT VIII: ATTORNEYS' FEES AND COSTS

56.

Paragraphs 1-55 are repeated and incorporated herein under Count Eight.

57.

The misfeasance and wrongful conduct of Defendant evidence such bad faith, vexatiousness, stubborn litigiousness and was carried out with such conscious and reckless disregard of the rights of Plaintiff that such conduct on the part of Defendant entitles Plaintiff to recover her reasonable costs and expenses, including, but not limited to, attorneys' fees, incurred in connection with this action.

58.

Plaintiff is therefore entitled to recover her reasonable attorneys' fees and other costs pursuant in an amount to be proved at the time of trial.

59.

Plaintiff is also entitled to attorneys' fees and other costs of litigation pursuant to the Title VII as provided in 29 U.S.C. § 2617.

60.

All conditions precedent to bringing this Count have been completed, performed and/or waived.

## PRAYER FOR RELIEF

Wherefore, the Plaintiff respectfully requests from this Court:

(a) That Plaintiff have judgment against Defendant on all counts, in an amount to be determined at trial;

(b) That Plaintiff be awarded back pay and compensation for lost benefits of employment, to the extent awardable under the Counts set forth above;

(c) That Plaintiff recover compensatory damages in an amount reasonable and commensurate with the economic loss suffered as a result of Defendant's retaliation and the pain and emotional distress imposed upon him by Defendant's intentionally retaliatory acts and all other sums and relief to which Plaintiff is entitled;

(d) That Plaintiff recover pre-judgment interest from Defendant;

(e) That Plaintiff recover post-judgment interest from Defendant;

(f) That Plaintiff recover from Defendant his attorneys' fees and costs incurred in bringing this action;

(g) That this Court enjoin Defendant from any further retaliatory and unlawful conduct;

(h) That a jury trial be had as to all issues in this Complaint; and

(i)     For all such other and further relief as is deemed just and proper by this Court.

Respectfully submitted this 14th day of April 2021.

/s/ Tundé O. Ezekiel
The Ezekiel Law Firm, LLC
Attorney for Plaintiff
Georgia Bar No. 653750
444 Highland Avenue, Suite 421
Atlanta, GA 30312
Tel: (404) 662-2224
Fax: (404) 907-3133

## **<u>FONT CERTIFICATION</u>**

Pursuant to Local Rule 7.1(D), the undersigned counsel for Plaintiffs hereby certifies that the foregoing has been prepared with a font size and point selection (Times New Roman, 14 pt.) which was approved by the Court, and that on this 14th day of April, 2021, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system.

<u>/s/ Tunde O. Ezekiel</u>